


United States Courts
Southern District of Texas
FILED

MAY 16 2006

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | |
| NJAIDI OTHMAN NJAIDI, | § | CRIMINAL NO. H-06- 174 |
| FRANKLIN LAUWO, | § | |
| WASIA KESSI MAYA, | § | |
| ABBY HUSSEIN OMARI, | § | **UNDER SEAL** |
| MISSO CANUTE TEMU, | § | |
| AHMED JUMA KHALID, | § | UnSealed |
| JAMES MTAE, | § | Per Mtn to UnSeal |
| FREDERICK OMONDI, | § | 5-19-06 |
| and JAMESE HILL | § | |

**INDICTMENT**

**THE GRAND JURY CHARGES:**

**COUNT 1**
**(Conspiracy)**

**A. INTRODUCTION**

1. The Hewlett-Packard Company (HP) produces high-tech computer products and printers. HP operates a manufacturing facility located at 20555 State Highway 249 in Houston (the HP Houston Facility). The HP Houston Facility produces different products for small and large businesses including servers, disk and storage systems, blade servers, and option kits for large commercial servers. High value component parts such as hard drives, memory sticks and Intel Xeon processors are stored at the HP Houston Facility or at a third party logistical partner, Exel Logistics (Exel), located at 4501 Blaylock in Houston. These high value component parts are consumed in the manufacture of servers, option kits, blade servers, etc, or shipped as raw product to various HP commercial accounts throughout the United States.

2. Inventec Distribution Corporation (Inventec), located at 6215 West by Northwest Boulevard in Houston, produced servers for HP and maintained server components owned by HP and used in production for HP.

3. Since July 24, 2003, Defendant **Njaidi Othman Njaidi** has worked as an inventory control clerk at the HP Houston Facility. On October 6, 2004, **Njaidi** and defendant **Abby Hussein Omar** filed a "doing business as" (DBA) application with Harris County listing themselves as joint owners of Bongo Music House and Omari Enterprises.

4. On October 29, 2003, Defendant **Franklin Lauwo** filed a DBA application with Harris County listing himself as the the owner of M.L. Global Enterprises.

5. Defendant **Ahmed Juma Khalid** is also associated with M.L. Global Enterprises. During July 3, 2003 through May 10, 2005, June 15, 2005 through August 22, 2005, and November 17, 2005 through the present, **Khalid** worked as a repair technician on the manufacturing line at the HP Houston Facility.

6. On February 14, 2005, Defendant **Wasia Kessi Maya** filed a DBA with Harris County listing himself as the owner of Maya Investments.

7. On February 3, 2005 Defendant **Misso Canute Temu** registered the business name M-1 Global with Harris County.

8. From September 22, 2004 through August 26, 2005, Defendant **James Mtae** worked at Exel as an inventory control clerk.

9. From July 25, 2002 through October 25, 2005, Defendant **Frederick Omondi** worked at Exel as an inventory control clerk.

10. From August 26, 2003 through October 25, 2005, Defendant **Jamese Hill** worked at Exel as an inventory control clerk.

**B. THE CONSPIRACY AND ITS OBJECTS**

11. Beginning on or about November 11, 2004, and continuing to the present, in the Houston Division of the Southern District of Texas and elsewhere,

**JAMESE HILL,**

**AHMED JUMA KHALID,**

**FRANKLIN LAUWO,**

**JAMES MTAE,**

**WASIA MAYA,**

**NJAIDI OTHMAN NJAIDI,**

**ABBY HUSSEIN OMARI,**

**FREDERICK OMONDI,**

**and**

**MISSO CANUTE TEMU,**

defendants herein, did knowingly and willfully combine, conspire, confederate, and agree together, with each other, and with others known and unknown to the grand jury to commit an offense against the United States, that is, to unlawfully transport, transmit, and transfer in interstate commerce, goods, wares, and merchandise valued at over $5,000, that is, HP servers, HP memory strips, HP hard drives, and Intel processors, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2314.

**C. THE MANNER AND MEANS OF THE CONSPIRACY**

It was a part of the conspiracy that:

12. **Njaidi** and **Lauwo** would and did recruit employees at the HP Houston facility and Exel to steal servers, hard drives, memory chips, processors, and other items.

13. **Hill, Khalid, Mtae,** and **Omondi,** and others known and unknown to the grand jury, while employed at the HP Houston Facility and Exel, would and did steal servers, hard drives, memory chips, processors, and other items by (a) replacing shipping labels so that shipments intended for HP and Exel customers would instead be sent to the addresses of conspirators and (b) removing processors from their packaging and hiding the processors in their clothing and shoes when they left the facility.

14. **Njaidi, Lauwo, Maya, Omari, and Teemu** would and did pay individuals working at the HP Houston Facility and Exel in exchange for receiving property stolen from the HP Houston Facility and Exel.

15. Defendants **Njaidi, Lauwo, Maya, Omari, Temu, and Khalid** would and did then sell the property stolen from the HP Houston facility and Exel to purchasers in California, Minnesota, and other states.

**D. OVERT ACTS**

16. In furtherance of the conspiracy and in order to accomplish its objectives, the following overt acts were committed in the Houston Division of the Southern District of Texas:

(a) In late 2004, the exact date unknown to the grand jury, **Njaidi** approached **Hill** and **Omondi** and asked them to redirect shipments of Intel Xeon processors from Exel to **Njaidi's** home address and the addresses of other conspirators.

(b) From January 10, 2005 to the present, **Njaidi,** individually and through Bongo

House Music and Omari Enterprises, paid more than $80,000 in total to at least fourteen indivudals who worked at the HP Houston Facility or Exel, including **Mtae, Hill,** and **Omondi**.

(c) On October 12, 2005, **Hill** used a UPS label machine at Exel in an attempt to redirect the shipment of two servers and six option kits containing Intel Xeon processors to the home address of **Omondi**.

(d) From January 10, 2005 to the present, **Njaidi**, individually and through Bongo House Music and Omari Enterprises, sold stolen HP products and components to a purchaser in Minnesota for more than $1 million.

(e) Between November 10, 2004 and May 13, 2005, **Lauwo**, individually and through M.L. Global Enterprises, sold stolen HP products and Intel processors to purchasers in California and Minnesota for more than $700,000.

(f) During May 2005, **Maya** paid approximately $20,000 to an Exel employee known to the grand jury.

(g) From January 31, 2005 to the present, **Maya**, individually and through Maya Investments, sold stolen HP products and Intel processors to a purchaser in California for more than $900,000.

(h) From April 14, 2005 to the present, **Temu** has paid more than $100,000 in total to at least nine individuals working at the HP Houston Facility and Exel, including **Njaidi** and **Khalid**.

(i) From April 14, 2005 to the present, **Temu**, individually and through M1 Global, sold stolen HP products and Intel processors to purchasers in Minnesota and other states for more than $300,000.

(j) From January 10, 2005 to the present, **Omari** has paid more than $70,000 in total to at least four HP and Exel employees, including **Mtae**.

(k) On or about March 11, 2006, an individual unknown to the grand jury stole three HP servers from a shipment at Inventec intended for Illinois. The individual then provided the stolen HP servers to **Omari**.

In violation of Title 18, United States Code, Sections 371.

**COUNT TWO**
**(Interstate Transfer of Stolen Goods)**

19. On or about February 7, 2005, in the Houston Division of the Southern District of Texas and elsewhere, defendant **FRANKLIN LAUWO** did unlawfully transport, transmit, and transfer in interstate commerce from Houston, Texas to Torrance, California goods, wares, and merchandise valued at over $5,000, that is, twelve Intel Xeon 3.0 GHz/4MB 580 processors, knowing the same to have been stolen.

In violation of Title 18, United States Code, Section 2314.

**COUNT THREE**
**(Interstate Transfer of Stolen Goods)**

20. On or about February 16, 2005, in the Houston Division of the Southern District of Texas and elsewhere, defendant **FRANKLIN LAUWO** did unlawfully transport, transmit, and transfer in interstate commerce from Houston, Texas to Chanhassen, Minnesota goods, wares, and merchandise valued at over $5,000, that is, sixteen Intel Xeon 3.0 GHz/4MB 580 processors, knowing the same to have been stolen.

In violation of Title 18, United States Code, Section 2314.

**COUNT FOUR**
**(Interstate Transfer of Stolen Goods)**

21. On or about April 12, 2005, in the Houston Division of the Southern District of Texas and elsewhere, defendant **NJAIDI OTHMAN NJAIDI** did unlawfully transport, transmit, and transfer in interstate commerce from Houston, Texas to Chanhassen, Minnesota goods, wares, and merchandise valued at over $5,000, that is, one hundred and fourteen HP 72gb/10K U320 hard drives, sixteen HP 4gb/200MHZ SDRAM memory sticks, and eighteen Intel Xeon 3.0 GHz/4MB processors, knowing the same to have been stolen.

In violation of Title 18, United States Code, Section 2314.

**COUNT FIVE**
**(Interstate Transfer of Stolen Goods)**

22. On or about May 11, 2005, in the Houston Division of the Southern District of Texas and elsewhere, defendant **NJAIDI OTHMAN NJAIDI** did unlawfully transport, transmit, and transfer in interstate commerce from Houston, Texas to Chanhassen, Minnesota goods, wares, and merchandise valued at over $5,000, that is, forty HP 2gb SDRAM memory sticks, seven HP 73gb/15K hard drives, and seven HP 300 gb hard drives, knowing the same to have been stolen.

In violation of Title 18, United States Code, Section 2314.

**COUNT SIX**
**(Interstate Transfer of Stolen Goods)**

23. On or about July 25, 2005, in the Houston Division of the Southern District of Texas and elsewhere, defendant **WASIA MAYA** did unlawfully transport, transmit, and transfer in interstate commerce from Houston, Texas to Torrance, California goods, wares, and merchandise valued at more than $5,000, that is, twenty-four Intel Xeon 3.4 GHz/2MB processors, knowing the same to have been stolen.

In violation of Title 18, United States Code, Section 2314.

**COUNT SEVEN**
**(Interstate Transfer of Stolen Goods)**

23. On or about October 3, 2005, in the Houston Division of the Southern District of Texas and elsewhere, defendant **MISSO CANUTE TEMU** did unlawfully transport, transmit, and transfer in interstate commerce from Houston, Texas to Chanhassen, Minnesota goods, wares, and merchandise valued at over $5,000, that is, fifteen HP 300gb/10K hard drives, three HP 250gb hard drives, three HP Ent Class 146gb/10K hard drives, two HP 146gb/15K U320 hard drives, and one HP 145.6 gb SCSI hard drive, knowing the same to have been stolen.

In violation of Title 18, United States Code, Section 2314.

**COUNT EIGHT**
**(Interstate Transfer of Stolen Goods)**

24. On or about February 15, 2006, in the Houston Division of the Southern District of Texas and elsewhere, defendant **WASIA MAYA** did unlawfully transport, transmit, and transfer in interstate commerce from Houston, Texas to Torrance, California goods, wares, and merchandise valued at more than $5,000, that is, ten Intel Xeon 3.0 GHz/4MB processors, knowing the same to have been stolen.

In violation of Title 18, United States Code, Section 2314.

**Notice of Criminal Forfeiture**

Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice that defendants

| | |
|---|---|
| **NJAIDI OTHMAN NJAIDI** | **(charged in Counts 1, 4, and 5)** |
| **FRANKLIN LAUWO** | **(charged in Counts 1, 2, and 3)** |
| **WASIA MAYA** | **(charged in Count 1, 6, and 8)** |
| **ABBY HUSSEIN OMARI** | **(charged in Count 1)** |
| **MISSO CANUTE TEMU** | **(charged in Counts 1 and 7)** |
| **AHMED JUMA KHALID** | **(charged in Count 1)** |
| **JAMES MTAE** | **(charged in Count 1)** |
| **FREDERICK OMONDI** | **(charged in Count 1)** |
| **and** | |
| **JAMESE HILL** | **(charged in Count 1)** |

shall forfeit all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 2314, including conspiracy, including, but not limited to, the following property:

> Approximately $3.25 million in United States Currency, for which the defendants may be jointly and severally liable.

<u>Substitute Assets</u>

In the event that the property subject to forfeiture as a result of any act or omission of the defendants:

a. cannot be located upon exercise of due diligence;

b. has been placed beyond the jurisdiction of the Court;

c. has been transferred or sold to, or deposited with a third party;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to Title 21, United States Code, Section 853(p) incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

DONALD J. DeGABRIELLE, JR.
United States Attorney

BY: Gregg Costa
Gregg Costa
Assistant United States Attorney