

9/15/06
E Spencer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. H-06-174-9 |
| | § § | |
| JAMESE HILL | § | |

## PLEA AGREEMENT

The United States of America, by and through Donald J. DeGabrielle, Jr., United States Attorney for Southern District of Texas, and Gregg Costa, Assistant United States Attorney, the defendant, Jamese Hill, and the defendant's counsel, Donald Limbrick, have entered into the following plea agreement (the "Agreement") pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

### The Defendant's Agreement

1. The defendant agrees to plead guilty to Count One of the Indictment. Count One charges the defendant with knowingly and willfully conspiring to transfer in interstate commerce goods valued at more than $5,000, that is, Intel processors, knowing the same to have been stolen, in violation of 18 U.S.C. § 371. By entering this Agreement, the defendant waives any right to have the facts that the law makes essential to the punishment either charged in the Indictment, proved to a jury, or proven beyond a reasonable doubt.

### Punishment Range

2. The statutory penalty for the violation of Title 18, United States Code, Sections 371 in Count One is up to five years imprisonment and a fine of up to $250,000. Additionally, the defendant may receive a term of supervised release after imprisonment of not more than three (3)

years. Title 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentences, then defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation. Title 18 U.S.C. §§ 3559(a)(3) and 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentences suspended, nor is she eligible for parole.

### Mandatory Special Assessment

3.      Pursuant to 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing the defendant will pay to the Clerk of the United States District Court a special assessment in the amount of $100.00 per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Fine and Reimbursement

4.      The defendant understands that under the *United States Sentencing Commission Guidelines Manual* (hereafter referred to as "*Sentencing Guidelines*" or "U.S.S.G."), the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the United States for the costs of any imprisonment or term of supervised release, if any is ordered.

5.      The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and the defendant will not attempt to avoid or delay payment.

6.      The defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if she is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of the defendant's

sentence, the defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following her sentencing.

### Cooperation

7. The parties understand that the Agreement carries the potential for a motion for departure pursuant to U.S.S.G. § 5K1.1. The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States. Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to U.S.S.G. § 5K1.1. The defendant agrees to persist in her guilty plea through sentencing and to cooperate fully with the United States. The defendant understands and agrees that the United States will request that sentencing be deferred until her cooperation is complete.

8. The defendant understands and agrees that the term "fully cooperate" as used in this Agreement includes providing all information relating to any criminal activity known to the defendant. The defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

   (a)  The defendant agrees that this Agreement binds only the United States Attorney for the Southern District of Texas and the defendant; it does not bind any other United States Attorney or any other component of the Department of Justice.

   (b)  The defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. The defendant further agrees to waive her Fifth Amendment privilege against self-incrimination for the purpose of this Agreement.

   (c)  The defendant agrees to voluntarily attend any interviews and conferences as the United States may request.

   (d)  The defendant agrees to provide truthful, complete, and accurate information and

testimony; and she understands that any false statements she makes to the Grand Jury, at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes.

(e) The defendant agrees to provide to the United States all documents in her possession or under her control relating to all areas of inquiry and investigation.

(f) Should the recommended departure, if any, not meet the defendant's expectations, the defendant understands that she remains bound by the terms of this Agreement and cannot, for that reason alone, withdraw her plea.

## Waiver of Appeal

9. The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in 18 U.S.C. § 3742. Additionally, the defendant is aware that 28 U.S.C. § 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest her conviction or sentence by means of any post-conviction proceeding, including but not limited to proceedings authorized by 28 U.S.C. §§ 1651, 2241, or 2255. In the event the defendant files a notice of appeal following the imposition of the sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

10. In exchange for this Agreement with the United States, the defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed, in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates any provision of this Agreement, or (c) the defendant's plea is later withdrawn.

11. In agreeing to these waivers, the defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the *Sentencing Guidelines* that she may have received from her counsel, the United States, or the Probation Office is a prediction, not a promise, did not induce her guilty plea, and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. The defendant further understands and agrees that the *Sentencing Guidelines* are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, the defendant understands that, although the Court must consult the *Sentencing Guidelines* and must take them into account when sentencing him, the Court is bound neither to follow the *Sentencing Guidelines* nor to sentence the defendant within the guideline range calculated by use of the *Sentencing Guidelines*.

12. The defendant understands and agrees that each and all of her waivers contained in this Agreement are made in exchange for the corresponding concessions and undertakings to which this Agreement binds the United States.

## The United States' Agreements

13. The United States agrees to each of the following:

(a) At the time of sentencing, the United States agrees not to oppose the defendant's anticipated request to the Court and the United States Probation Office that she receive a two level downward adjustment pursuant to U.S.S.G. § 3E1.1(a) should the defendant accept responsibility as contemplated by the *Sentencing Guidelines*.

(b) If the defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a) and her offense level is 16 or greater, the United States agrees to move, pursuant to U.S.S.G. § 3E1.1(b), for an additional one level departure based on the timeliness of the Agreement or the expeditious manner in which the defendant provided

complete information regarding her role in the offense.

(c) The United States agrees not to oppose the defendant's anticipated request that she receive a two level downward departure adjustment pursuant to U.S.S.G. § 3B1.2(b) for being a minor participant in this criminal activity

### United States' Non-Waiver of Appeal

14. The United States reserves the right to carry out its responsibilities under the *Sentencing Guidelines*. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with the defendant's counsel and the Probation Office; and

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and 18 U.S.C.§ 3553(a).

### Sentence Determination

15. The defendant is aware that the sentence will be imposed by the Court after consideration of the *Sentencing Guidelines*, which are only advisory, as well as the provisions of 18 U.S.C. § 3553(a). The defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which the defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable *Sentencing Guidelines*. The defendant understands and agrees that the parties' positions regarding the application of the *Sentencing Guidelines* do not bind the Court and that the sentence imposed is

within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, the defendant cannot, for that reason alone, withdraw a guilty plea, and she will remain bound to fulfill all of her obligations under this Agreement.

### Rights at Trial

16. The defendant represents to the Court that she is satisfied that her attorney has rendered effective assistance. The defendant understands that by entering into this Agreement, she surrenders certain rights as provided herein. The defendant understands that the rights of a defendant include the following:

   (a)  If the defendant persisted in a plea of not guilty to the charges, the defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the Court all agree.

   (b)  At a trial, the United States would be required to present witnesses and other evidence against the defendant. The defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for the defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

   (c)  At a trial, the defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, she could testify on her own behalf.

### Factual Basis for Guilty Plea

17. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to

establish the defendant's guilt:

(a)     The Hewlett-Packard Company (HP) operates a manufacturing facility located at 20555 State Highway 249 in Houston, Texas (the HP Houston Facility). High value component parts such as Intel microprocessors, HP hard drives, and HP memory strips are stored at the HP Houston Facility or at a third party logistical partner, Exel Logistics (Exel), located at 4501 Blaylock in Houston.

(b) James Hathaway, Global Security Manager for HP, informed the Houston Police Department (HPD) and the Federal Bureau of Investigation (FBI) that a significant amount of product had been missing from the HP Houston Facility and Exel since January 2005. The missing products include HP hard drives, Intel processors, HP memory chips, completed servers, and other items.

(c) On October 12 2005, video surveillance showed that Exel employee **Jamese Hill** went to the label dispenser on the dock and appeared to be making labels, then placed the labels on the processor kit boxes and placed the boxes on the UPS trailer. Robert Stebner, an Exel Operations Manager investigated and learned that **Hill** had changed the UPS shipping labels on eight cartons, containing two servers and six processor option kits valued at $22,192, from the customer address to the address of 12246 Lavon Dr., Tomball, Texas 77375. This address was later determined by HPD to be the residence of another Exel employee, Frederick Omondi.

(d) HP security representatives interviewed **Hill** about the redirected shipments caught on surveillance camera. In addition to participating in the interview, **Hill** also completed a handwritten statement of her involvement in the attempted theft of HP product from the HP Houston Facility. During the course of the interview and in her written statement, Hill describes how she and Omondi were approached in late 2004 by HP employee Njaidi O. Njaidi known to them as "Ojay." **Hill** stated that during this meeting Njaidi asked them to start redirecting HP shipments to an address located on Airtex Dr. in Houston, Harris County, Texas. **Hill** explained that Njaidi was already working with another Exel employee named Eric Kambaga. Subsequent investigation revealed that Kambaga resided at 500 Airtex #1902, Houston, Texas.

(e) According to **Hill,** Kambaga showed her how to redirect outgoing shipments of HP product by changing shipping addresses on the UPS shipping labels. Subsequently, **Hill,** Kambaga, and Omondi arranged to get four different pallets of high value material redirected over a two to three month period in late 2004. This product was allegedly shipped to an Airtex Drive address furnished by Njaidi. **Hill** stated that she was not aware of whom Njaidi sold these items to, but was told that Njaidi was selling them in California and Florida.

(f) The total estimated loss of the redirected shipments in which Hill was involved is $292,000.

## Breach of Plea Agreement

18.     If the defendant fails in any way to fulfill completely all of her obligations under this Agreement, the United States will be released from its obligations hereunder, and the defendant's plea and sentence will stand. If at any time the defendant retains, conceals, or disposes of assets in violation of this Agreement, or if the defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may ask the Court to set aside her guilty plea and reinstate prosecution. Any information and documents that have been disclosed by the defendant, whether prior to or subsequent to execution of this Agreement, and all leads derived therefrom, will be used against the defendant in any prosecution.

## Forfeiture

19.     This Agreement is being entered into by the United States on the basis of the defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. The defendant agrees to forfeit whatever interest she may have in assets that are the proceeds of property stolen from the HP Houston Facility and Exel.

20.     The defendant consents to any agreed order of forfeiture or judgment, and further agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not limited to, surrendering title, signing a consent decree, stipulating facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. The defendant also agrees to direct any banks which have

custody of the defendant's assets to deliver all funds and records of such assets to the United States.

## Complete Agreement

21.     This Agreement, consisting of ten pages, together with the attached addendum signed by the defendant and her attorney, constitutes the complete plea agreement between the United States, the defendant, and her counsel. No promises or representations have been made by the United States except as set forth in writing in this Agreement. The defendant acknowledges that no threats have been made against him and that she is pleading guilty freely and voluntarily because she is guilty.

22.     Any modification of this Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on September 15, 2006.

_____
Jamese Hill
Defendant

Subscribed and sworn to before me on September 15, 2006.

MICHAEL N. MILBY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

DONALD J. DeGABRIELLE, JR.
United States Attorney

By: _____     _____
Gregg Costa                              Donald Limbrick
Assistant United States Attorney         Attorney for Defendant

10

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the *United States Sentencing Commission Guidelines Manual* which may apply in my case. I have read and carefully reviewed every part of the Agreement with my attorney. I understand the Agreement, and I voluntarily agree to its terms.

_____        9-15-06_____
Defendant                                                                    Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. H-06-174-9 |
| JAMESE HILL | § | |

## ADDENDUM TO PLEA AGREEMENT

I have fully explained to the defendant her rights with respect to the pending Indictment. I have reviewed the provisions of the *United States Sentencing Commission Guidelines Manual*, and I have fully and carefully explained to the defendant the provisions thereof which may apply in this case. I have also explained to the defendant that the *Sentencing Guidelines* are only advisory and the Court may sentence the defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of the Agreement with the defendant. To my knowledge, the defendant's decision to enter into the Agreement is an informed and voluntary one.

_____     9/15/06
Attorney                                   Date